IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CORNELIUS MILNER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:07-cv-00152-WHA-SRW |
| | ) |
| **TALLAPOOSA COUNTY JAIL, et al.,** | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' REPLY TO THE PLAINTIFF'S
## RESPONSE TO THEIR SPECIAL REPORT

COME NOW Jimmy Abbett and Blake Jennings, Defendants in the above-styled cause, and submit their Reply to the Plaintiff's Response to their Special Report to the Court.

**I.  PLAINTIFF HAS FAILED TO COMPLY WITH THIS COURT'S ORDERS.**

On May 22, 2007, this Court entered an Order directing Plaintiff to file a response to the Special Report and specifically stated: "[I]n filing a response to the Defendants' report the Plaintiff should not rely only on his or her unsworn pleadings but should respond by filing sworn affidavits, or other evidentiary materials developed through discovery or other appropriate means and which set forth specific facts demonstrating there is a genuine issue of material fact for trial in this case."

Despite this Court's Order, the Plaintiff has failed in his Response to submit valid affidavits, declarations, or other evidentiary materials.  Therefore, the evidence as presented by the Defendants should be accepted as undisputed.  Defendants have affirmatively shown that they have not violated the Plaintiff's constitutional rights.  Thus, the Defendants are entitled to summary judgment on all the Plaintiff's claims.

1

Plaintiff was further instructed by the Court to specifically address Defendants' argument that he has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act. Plaintiff was further instructed that "if he asserts compliance with the jail's grievance procedures he must submit relevant evidentiary materials in support of this assertion showing that he has complied with each step of the grievance procedure. His mere conclusory allegation of exhaustion will be insufficient to defeat Defendants' argument."

Defendant has established that each inmate is given an Inmate Rules and Regulations Handbook when they are booked into the Tallapoosa County Jail. This handbook specifically states the internal grievance procedures at the Tallapoosa County Jail. This policy states that an inmate can appeal a grievance all the way up to Sheriff Abbett and that the Sheriff's decision is final. Further, a copy of any grievance form that is filed by an inmate is placed in the inmate's Inmate File. (Doc. 11, Ex. D, Inmate Rules and Regulations Handbook p.20; Doc. 11, Ex. B, Jennings Aff. ¶ 10; Doc. 11, Ex. C, Abbett Aff. ¶ 10.) Plaintiff's Inmate File does not contain any grievance regarding the incident or conditions made the basis of his Complaint. (Doc. 11, Ex. B, Jennings Aff. ¶ 11.)

Further, neither Sheriff Abbett, Administrator Jennings, nor Nurse DuBose has received a grievance from the Plaintiff regarding the incident or conditions made the basis of his Complaint. (Doc. 11, Ex. B, Jennings Aff. ¶ 11; Doc. 11, Ex. C, Abbett Aff. ¶ 11; Doc. 11, Ex. E, DuBose Aff. ¶ 10.) Sheriff Abbett and Administrator Jennings have never received an appeal of any grievance from the Plaintiff. (Doc. 11, Ex. B, Jennings Aff. ¶ 11; Doc. 11, Ex. C, Abbett Aff. ¶ 11.)

Plaintiff offers no details about the grievances he allegedly submitted and fails to produce any evidence that he actually submitted any grievances regarding the allegations of his

Complaint. Plaintiff merely offers a conclusory allegation that he complied with the grievance procedure. Thus, Plaintiff fails to comply with the orders of this Court and his claims are due to be dismissed.

Further, Plaintiff admits that he did not appeal two of the grievances he allegedly filed to Sheriff Abbett. On page 7 of his Response, Plaintiff twice states that before he "got a chance" to appeal a grievance to Sheriff Abbett the inmate with AIDS and the inmate with a staph infection were moved out of Plaintiff's cell. Thus, Plaintiff admits that he did not comply with the requirements of the Prison Litigation Reform Act with regards to his claims regarding being housed with an inmate suffering from AIDS and being housed with an inmate suffering from a staph infection.

## II.   PLAINTIFF'S CLAIMS FAIL ON THEIR MERITS.

As set forth in the Defendants' Special Report, the Defendants are entitled to summary judgment on all Plaintiff's claims because the Plaintiff has failed to establish a constitutional violation and because he cannot show that there existed any clearly established law that would give the Defendants fair warning that their conduct was unlawful.

Plaintiff has been incarcerated in a sanitary and hygienic living environment. (Doc. 11, Ex. D, Inmate Rules and Regulations Handbook p.2 and 3; Doc. 11, Ex. B, Jennings Aff. ¶ 5.) Neither HIV-positive inmates or inmates infected with a staph infection are segregated from the inmate population unless they require hospitalization. (Doc. 11, Ex. B, Jennings Aff. ¶¶ 6, 8; Doc. 11, Ex. C, Abbett Aff. ¶¶ 6, 8.) Tallapoosa County Jail rules prohibit the types of behavior that would make an uninfected inmate at risk of contracting a staph infection or the HIV virus. Those prisoners who follow the rules are not in any significant danger of contracting the disease. Inmates who are exhibiting symptoms of a staph infection or have

HIV/AIDS and who are believed to put other inmates or employees at risk, because they display intentional behavior that could result in the spread of the bacteria, are administratively separated from those whom they place at risk.  (Doc. 11, Ex. D, Inmate Rules and Regulations Handbook p.5, 6, 7 and 8; Doc. 11, Ex. B, Jennings Aff. ¶¶ 7, 9; Doc. 11, Ex. C, Abbett Aff. ¶¶ 7, 9.)

Because the Plaintiff has not met his burden in overcoming the Defendants' qualified immunity defense or showing that he met the requirements of the Prison Litigation Reform Act, as set forth in the Defendants' Special Report, the Defendants are entitled to summary judgment in their favor.

Respectfully submitted this 25th day of July, 2007.

> s/Ashley Hawkins Freeman
> ASHLEY HAWKINS FREEMAN Bar No.  FRE044
> Attorney for Defendants
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive (36117)
> Post Office Box 240909
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889
> E-mail:  afreeman@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the **25th** day of **July, 2007**, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

> Cornelius Milner
> Tallapoosa County Jail
> 316 Industrial Park Drive
> Dadeville, AL  36853

> **s/Ashley Hawkins Freeman**
> OF COUNSEL