IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

CORNELIUS JARMAINE MILNER          *

     Plaintiff,                               *

       v.                                       *          3:07-CV-152-WHA
                                                    (WO)

BLAKE JENNINGS (JAIL ADM.),         *
*et al.*,
     Defendants.                             *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a 42 U.S.C. § 1983 action filed by Plaintiff,

Cornelius Milner, a pre-trial detainee currently incarcerated at the Tallapoosa County Jail in

Dadeville, Alabama. Plaintiff asserts in his complaint that Defendants violated his

constitutional rights by housing him with inmates who suffer from AIDS and staph

infections.   Defendants named to this action are Jail Administrator Blake Jennings and

Sheriff Jimmy Abbett.  Plaintiff states that he doesn't "want this to keep happening and end

up fatal on somebody else's behalf in the future."  (*Doc. No. 1*.)

Pursuant to the orders of this court, Defendants filed an answer, written report, and

supporting evidentiary materials addressing the claims for relief raised in the complaint.  In

this report, Defendants assert this case is due to be dismissed because Plaintiff has failed to

exhaust an administrative remedy available to him at the county jail as required by the Prison

Litigation Reform Act, 42 U.S.C. § 1997e(a).  Specifically, Defendants maintain that, with

respect to the claims presented in the instant complaint, Plaintiff has failed to exhaust the administrative remedies available to him at the Tallapoosa County Jail via the jail's inmate grievance procedure as he has failed to file a grievance and/or an appeal of any grievance about the allegations made the basis of his complaint. (*Doc. No. 11, Exhs. A-E.*)

In accordance with the orders of the court, Plaintiff was informed that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. This case is now pending before the court on Defendants' motion for summary judgment, Plaintiff's opposition, and Defendants' reply. (*Doc. Nos. 11, 19, 21*.) Upon consideration of the motion, the evidentiary materials filed in support thereof, Plaintiff's opposition, and Defendants' reply the court concludes that Defendants' motion for summary judgment shall be granted and this case dismissed without prejudice as Plaintiff has failed to exhaust an available administrative remedy.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation omitted); Fed.R.Civ.P. Rule 56(c)s (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to

judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact with respect to Plaintiff's failure to exhaust administrative remedies.  Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists.  *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial.").  A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263.

---

[1]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

To survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" establishing proper exhaustion of administrative remedies. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations...."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at

322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11ᵗʰ Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74ᵗʰ Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11ᵗʰ Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11ᵗʰ Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11ᵗʰ Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for

summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, ___, 126 S.Ct. 2572, 2576, 165 L.Ed.2d 697 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, 475 U.S. at 587.

## II.  DISCUSSION

Plaintiff alleges that in January 2007 Defendant Abbett and "staff members" placed another inmate in his cell knowing that the inmate had AIDS. Plaintiff also complains that he was housed with an inmate who had a staph infection. Plaintiff states that he wrote a grievance about the matter. (*Doc. No. 1 at 2-3*.)

In their dispositive motion, Defendants assert that this case is due to be dismissed because Plaintiff has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), through the Tallapoosa County Jail's

inmate grievance procedure.  (*See Doc. No. 11, Exhs. B, C, E.*)

The PLRA requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a 42 U.S.C. § 1983 complaint.  Specifically, 42 U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies."  *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexande*r *v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006).  Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion*.***"  *Id*.  at 2387 (emphasis added).

The Supreme Court in *Woodford* determined that "[proper exhaustion] means . . . that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." 126 S.Ct. at 2384.  The Court further explained "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [prior to seeking relief from

a federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 2386. This interpretation of the PLRA's exhaustion requirement "carries a sanction" for noncompliance and avoids "mak[ing] the PLRA exhaustion scheme wholly ineffective." *Id*. at 2388. Consequently, a prisoner cannot "proceed . . . to federal court" after bypassing available administrative remedies, either by failing to properly exhaust administrative remedies or waiting until such remedies are no longer available, as allowing federal review under these circumstances would impose "no significant sanction" on the prisoner and "the PLRA did not create such a toothless scheme." *Id*.   Further, the PLRA's exhaustion requirement contains no futility exception where there is an available inmate grievance procedure. *See Booth*, 532 U.S. at 741 n. 6 ( "[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." ); *Cox v. Mayer*, 332 F.3d 422, 424-28 (6th Cir. 2003) (holding that the exhaustion requirement applies to a former prisoner who filed his complaint without exhausting his administrative remedies and who had since been released from custody); *see also  Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999).

In support of their exhaustion argument, Defendants affirm that, at all times relevant to this litigation, the Tallapoosa County Jail has maintained an inmate grievance procedure.

This administrative remedy is available to all Tallapoosa County Jail inmates, including Plaintiff, and made known to them upon their admission to jail through the Inmate Rules and Regulations Handbook. Defendants state that each inmate receives a copy of the handbook when he is booked into the jail. Defendants contend that a search of Plaintiff's entire inmate record reflects that he has never filed a grievance regarding the matters made the subject of his complaint. (*Doc. No. 11, Exhs. A-E.*)

In opposition to Defendant's dispositive motion, Plaintiff does not deny that he is required to exhaust administrative remedies or that an inmate grievance procedure is available at the Tallapoosa County Jail. Although Plaintiff alleges in a conclusory manner that he filed grievances with Defendants and other jail personnel, he fails to allege or present any evidence that he filed the requisite grievance necessary to exhaust administrative remedies with respect to the claims presented in the instant matter. He further acknowledges abandoning the grievance process when the conditions about which he complains resolved upon the AIDS or staph-infected inmate's transfer or release from custody. (*Doc. No. 19.*)

As noted, the record in this case establishes that the Tallapoosa County Jail provides a grievance procedure for inmate complaints. The jail's grievance procedures are contained in the inmate rules handbook which Plaintiff does not dispute receiving a copy of upon being booked into the jail. The jail's grievance procedure reflects that inmates may request a grievance form from any correctional officer or the nurse. The completed grievance is returned to the staff officer. An inmate is promised that he will receive a response within a reasonable time. The response may be appealed in writing to the jail administrator within 72

hours of the return receipt. The appeal decision may be appealed in writing to the Chief

Deputy within 72 hours of the return receipt. The final step of the appeal process requires

an inmate to give written notice to the Sheriff within 72 hours of return receipt from the

Chief Deputy. The Sheriff's decision is final. Defendants maintain that a copy of any

grievance form submitted by an inmate is placed in the prisoner's inmate file. (*Doc. No. 11,*

*Exhs. A-C.*)

Plaintiff relies on his own self-serving allegations submitted in response to

Defendants' dispositive motion that he complied with the jail's administrative remedies but

that his grievances were disregarded and/or ignored. Defendants, however, flatly contradict

Plaintiff's claims through their sworn affidavits in which they maintain that the internal

grievance procedures at the Tallapoosa County Jail is available to all inmates, including

Plaintiff; that all inmates, including Plaintiff, may submit grievances; that all inmate

grievances are acted upon; and that they never received any grievance or grievance appeal

from Plaintiff regarding the matters made the subject of his complaint. Defendants'

evidentiary materials support their contention that Plaintiff failed to file any grievance with

respect to the conditions about which he complains in the instant cause of action.[2]

This court may properly resolve this factual issue relating to exhaustion, *see Bryant*

*v. Rich,* 530 F.3d 1368, 1374 (11th Cir. 2008), and it finds that the facts do not support

---

[2]The undisputed evidentiary material before the court reflects that contained within Plaintiff's inmate file are copies of request slips he has submitted during his confinement at the Tallapoosa County Jail including a request for a Bible and a request that everyone listed on his visitor list be removed. (*See Doc. 11, Exh. A at 33, 38.*)

Plaintiff's arguments concerning his alleged inability to exhaust administrative remedies. The record is devoid of evidence other than Plaintiff's conclusory allegations that Plaintiff filed the requisite grievances and/or appeals with respect to the claim(s) set forth in the present complaint as is necessary to properly exhaust administrative remedies.  As noted, exhaustion of available remedies applies to all prisoners in any facility, it is mandatory, and it may not be waived by the court. *See Alexander,* 159 F.3d at 1324-26 (exhaustion requirement of 42 U.S.C. § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or *Bivens* ); *see also Porter,* 534 U.S. 516. Furthermore, this court may not consider the adequacy or futility of administrative remedies, but only the availability of such. *Higginbottom v Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing Alexander,* 159 F.3d at 1323.  To demonstrate that administrative remedies were unavailable, Plaintiff must provide specific facts which indicate that jail staff inhibited him from utilizing the grievance process. *See Boyd v. Corr. Corp. Of Am.*, 380 F.3d 989, 998 (6th Cir. 2004) ("nonspecific allegations of fear" and "subjective feeling[s] of futility" no excuse for failure to exhaust administrative remedies).

Based on the proof provided, Plaintiff  has not taken advantage of the administrative remedies available to him at the Tallapoosa County Jail with respect to his claims against the named defendants concerning the conditions of his confinement.  The court has carefully reviewed the pleadings, documents, and records filed in this matter and finds that Plaintiff has failed to make a colorable showing that he has exhausted the administrative remedies available to him at the jail and/or demonstrated that he has been denied access to those

administrative procedures during his incarceration at that facility.[3]  *See Kozuh v. Nichols*,

2006 WL 1716049 at \*2 (11th Cir. June 22, 2006) (rejecting inmate's claim "that he was

'thwarted' when officials refused to respond to his grievances, leaving the grievance

procedure unavailable" and noting that inmate had filed numerous informal complaints).

Based on the foregoing, the court concludes that the claims for relief presented in this cause

of action are subject to dismissal as Plaintiff has not properly exhausted an administrative

remedy available to him which is required before he may proceed in this court on his claims.

*Woodford*, 548 U.S. at 87-94.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion for summary judgment  (*Doc. No. 11*) be GRANTED to the

extent that Defendants seek dismissal of this case due to Plaintiff's failure to exhaust an

administrative remedy;

2.  This case be DISMISSED without prejudice in accordance with the provisions of

42 U.S.C. § 1997e(a).  *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378 (2006); and

3.  No costs be taxed herein.

It is further

---

[3]While a prison official's failure to respond to a grievance within the time limits contained in an institution's grievance policy may render an administrative remedy unavailable, *see Lewis v. Washington,* 300 F.3d 829, 831-32 (7th Cir. 2002); *Foulk v. Charrier,* 262 F.3d 687, 698 (8th Cir. 2001); *Underwood v. Wilson,* 151 F.3d 292, 295 (5th Cir. 1998), an inmate cannot successfully argue that he exhausted administrative remedies where, in essence, he failed to properly employ them.

ORDERED that on or before **December 15, 2008** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 2nd day of December, 2008.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE